DECISION AND JUDGMENT ENTRY
This is an appeal from a Chillicothe Municipal Court judgment of conviction and sentence. The jury found James McDonald, defendant below and appellant herein, guilty of receiving stolen property in violation of R.C. 2913.51. Appellant assigns the following error for review:
 "THE VERDICT OF THE JURY WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
On July 28, 2001, Ross County Sheriff's Department Corporal Shane Cox responded to a call from the Betty Kutschbach residence regarding stolen Native American artifacts. An investigation resulted in a charge filed against appellant for receiving stolen property.[2]
On December 16, 2001, the trial court conducted a jury trial. At trial, Betty Kutschbach testified that she collected Native American artifacts and in July 2001, stored those artifacts in a shoe box in her kitchen. Kutschbach stated that she last looked at her collection "around" July 10, 2001. On July 28, 2001, Kutschbach discovered that her arrowhead collection was missing. Only Kutschbach, her husband, her daughter, and her brother, Appellant James McDonald, knew the artifact's storage location. Apparently, appellant previously resided at the Kutschbach home. After her discovery of the missing artifacts, Kutschbach notified the Ross County Sheriff's Department.
Corporal Cox responded to the call and noted that no sign of forced entry existed at the Kutschbach residence. Subsequently, Corporal John Mosley interviewed appellant and he denied having or possessing the arrowhead collection. Appellant also told Corporal Mosley that he did not collect arrowheads.
Janie Oliver, a friend of appellant, testified that in July 2001, appellant left approximately one hundred arrowheads at her home. Appellant told Oliver that he had a buyer named "Bodine" for the arrowheads. Appellant also gave Oliver several arrowheads. Those items were subsequently recovered by the Sheriff's Department and identified by Kutschbach as part of her collection.
Pearl "Bodine" Blazer testified that he purchased four to five hundred arrowheads for one hundred dollars from appellant on July 14 or 15, 2001. Blazer noted that appellant stated that he received the artifacts from his sister as a payment for a boat.
Betty Kutschbach testified that appellant, to her knowledge, did not own or collect arrowheads or other Native American artifacts. Kutschbach also specifically identified as part of her collection many of the recovered arrowheads.
Appellant testified that he picked up the four to five hundred arrowheads "off the ground" and that they belonged to him. Appellant acknowledged that he sold the arrowheads to Blazer. Appellant also recalled that he was incarcerated on July 11, 2001 from 6:00 a.m. to 4:00 p.m., and from 9:00 p.m. on July 20 through July 27.
After hearing the evidence and counsels' arguments, the jury found appellant guilty as charged. The trial court thereupon pronounced sentence. This appeal followed.
 I
In his sole assignment of error, appellant asserts that the judgment is against the manifest weight of the evidence. In particular, appellant contends that: (1) no one knows if and when the arrowheads were taken; (2) the evidence revealed that appellant owned the arrowheads; and (3) appellant was incarcerated during most of July 2001, and was probably incarcerated at the time the arrowheads were stolen. Thus, appellant argues, in view of the conflicting evidence adduced at trial, the trier of fact "lost its way" and its verdict is against the manifest weight of the evidence.
Appellee asserts that the trier of fact properly resolved the conflicting evidence and that its evidence is indeed supported by the weight of the evidence.
When a reviewing court considers a claim that a conviction is against the weight of the evidence, we must generally defer to the trier of fact. In State v. Thomas (1982), 70 Ohio St.2d 79, 80, 434 N.E.2d 1356,1357, the Ohio Supreme Court wrote:
"It is emphasized that an appellate court may not reverse the judgment of conviction unless reasonable minds could not fail to find reasonable doubt of the defendant's guilt. It is fundamental that the weight to be given the evidence and credibility of the witnesses are primarily for the trier of facts. * * *"
In State v. Eskridge (1988), 38 Ohio St.3d 56, 526 N.E.2d 304, paragraph two of the syllabus, the court held:
"A reviewing court will not reverse a conviction where there is substantial evidence upon which the court could reasonably conclude that all the elements of an offense have been proven beyond a reasonable doubt."
See, also, State v. Tyler (1990), 50 Ohio St.3d 24, 553 N.E.2d 576. The weight to be given evidence and the credibility of witnesses are matters entrusted to the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230,227 N.E.2d 212. Generally, the trier of fact is better situated than an appellate court to view witnesses and to observe their demeanor, gestures, voice inflections and to use those observations in weighing credibility. A trier of fact is free to believe all, part or none of the testimony of each witness. State v. Long (1998), 127 Ohio App.3d 328,713 N.E.2d 1.
In State v. Otten (1986), 33 Ohio App.3d 339, 340, 515 N.E.2d 1009,1010, the court discussed the manner in which courts should determine whether a criminal conviction is against the manifest weight of the evidence:
"In determining whether a criminal conviction is against the manifest weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered."
Thus, when substantial evidence exists upon which a trier of fact has based its verdict, a reviewing court abuses its discretion in substituting its judgment for that of the trier of fact as to the weight and the sufficiency of the evidence. State v. Nicely (1988),39 Ohio St.3d 147, 529 N.E.2d 1236; State v. Schiebel (1990),55 Ohio St.3d 71, 564 N.E.2d 54. Criminal convictions should not be reversed as against the weight of the evidence unless the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. See Statev. Garrow (1995), 103 Ohio App.3d 368, 659 N.E.2d 814; State v. Caldwell
(1992), 79 Ohio App.3d 667, 607 N.E.2d 1096. See, also, State v.Thompkins (1997), 78 Ohio St.3d 380, 678 N.E.2d 541.
In the case sub judice, after our thorough review of the evidence adduced at trial, we find that the prosecution presented substantial competent and credible evidence upon which the trier of fact could have reasonably concluded that all elements of the offense had been proven beyond a reasonable doubt. The prosecution's witnesses, if believed, establish that appellant committed the offense. Betty Kutschbach identified the stolen arrowheads. "Bodine" Blazer testified that appellant sold to him approximately four hundred arrowheads. Further, although appellant apparently resided in the county jail during much of July 2001, he was not incarcerated the entire month. Thus, he did have ample opportunity to commit the crime.
We readily acknowledge that appellant introduced conflicting evidence in an attempt to establish that he "owned" the arrowhead collection and that he did not have the opportunity to commit the criminal act. It is, however, within the trier of fact's province to resolve conflicts in the evidence and to determine the weight to attach to particular evidence. Obviously, in the case sub judice the trier of fact opted to believe the prosecution's witnesses. Thus, we cannot conclude that the trial court's judgment is against the manifest weight of the evidence.Accordingly, based upon the foregoing reasons we overrule appellant's assignment of error and affirm the trial court's judgment.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Chillicothe Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, J. Evans, J.: Concur in Judgment Opinion
[2] R.C. 2913.51, entitled "Receiving Stolen Property," provides:
 (A) No person shall receive, retain, or dispose of property of another knowing or having reasonable cause to believe that the property has been obtained through commission of a theft offense.